MATTHEW J. PLATKIN
Acting Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey 08625-0106
Attorney for Creditor, State of New Jersey,
 Division of Taxation

By:  Ramanjit K. Chawla (ID#003972002)
     Deputy Attorney General
     (609) 376-2892

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ ) | | |
| In re: | ) | Case No.  22-10698 (SLM) |
| | ) | |
| Carl Joseph Braunagel, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hearing Date: |
| _____ ) | | |

THE STATE OF NEW JERSEY, DIVISION OF TAXATION'S OBJECTION TO
CONFIRMATION OF DEBTOR'S PLAN

The State of New Jersey, Division of Taxation ("Taxation") objects to confirmation of the Debtor's Plan of Reorganization ("the Plan").

INTRODUCTION

1.  Confirmation of Debtor's Plan should be denied because the Plan fails to provide adequate treatment of Taxation's claim (Claims Register No. 6-1) including priority, and general unsecured debt, as required under 11 U.S.C. § 1129(a)(9).

Specifically, this Court should deny confirmation of Debtor's Plan

for the following reasons:

    a. Debtor's Plan does not propose to pay the full amounts
       of Taxation's priority debt;

    b. Debtor's Plan does not propose to repay the priority
       debt over a period ending five years after the petition
       date;

    c. The Plan fails to include the statutory rate of post-
       confirmation interest;

    d. Debtor has not filed required tax returns;

    e. Debtor's Plan does not propose a monthly payment
       interval;

    f. Debtor's Plan violates the absolute priority rule; and

    g. The Plan fails to provide default remedies for tax
       claimants.

<u>FACTS</u>

    2.    On January 28, 2022, Debtor filed a petition for relief

under Chapter 11 of the Bankruptcy Code.   Document Number 1.

    3.    Taxation filed the following claim against Debtor

(Claims Register Number 6-1) filed on March 31, 2022 that includes:

    a.    Priority debt in the amount of $10,709.33, for
          Gross Income Tax-Individual liability ("TGI-EE");

    b.    General Unsecured debt in the amount of $17,179.33
          for TGI-EE.

4.   Debtor's Plan fails to provide for proper payment of Taxation's claims.


ARGUMENT

POINT I

THE COURT SHOULD DENY CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION BECAUSE IT FAILS TO MEET THE REQUIREMENTS OF 11 U.S.C. §1129(a)(9)(C) FOR PRIORITY CLAIMS.

5.   Payout treatment of priority tax claims in Chapter 11 reorganizations is governed by 11 U.S.C. § 1129(a)(9)(C).   This statutory provision states:

> [w]ith respect to a claim of a kind specified in section 507(a)(8) of this title [Priority Tax Claims], the holder of such claim will receive on account of such claim regular installment payments in cash -- (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)).

6.   Accordingly, payment of the Taxation's priority debt must not only be provided for in full by Debtor's Plan but also must be repaid in regular monthly installments over a period ending not later than five years from the petition date to comply with §

1129(a)(9)(C).   Debtor's Plan does not comply with these requirements.

7.  By contrast, Debtor's plan provides for annual payment of Taxation's priority debt.

8.  In addition, the Plan fails to provide for repayment with post-confirmation interest at the statutory rate.  As provided by § 1129(a)(9)(C)(i) a priority creditor is entitled to repayment of the total "value" of its claim as of the effective date.  In order for a creditor to receive the "value" of its claim, payments must include post-confirmation interest to compensate for the true value of money.

9.  The proper post-confirmation interest rate is the state statutory rate for repayment of taxes.  Pursuant to § 511(a), "[i]f any provision of this title requires ... the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law."

10.  Further, pursuant to §511(b), "[i]n the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed."

11.  Taxation's statutory rate of interest is currently 6.25%.  See N.J.S.A. 54:49-3 (unless provided for by other law, interest on tax due accrue "at the rate of three percentage points above the prime rate assessed for each month or fraction thereof, compounded annually at the end of each year, from the date the tax was originally due until the date of actual payment").

12.  Further, Taxation objects to the confirmation of Debtor's Plan because the Plan fails to provide for the allowance of post-petition, pre-confirmation interest on, and inclusion in, the secured claims.  The accrual of post-petition interest under 11 U.S.C. § 506(b) applies equally to consensual and nonconsensual liens.  U.S. v. Ron Pair Enterprises, 489 U.S. 235, 240 (1989). Some courts have held that a creditor's failure to assert its right to post-petition, pre-confirmation interest under §506(b) can lead to forfeiture of those rights.  U.S. v. Victor, 121 F.3d 1383, 1386 (10th Cir. 1997).  Taxation requests that Debtor amend its Plan to provide that the allowed secured claims will include post-petition, pre-confirmation interest at the statutory rate pursuant to § 506(b).

13.  Debtor's Plan also violates § 1129(a)(9)(C) because it fails to provide for a payment interval.  As this section provides, Taxation's claims are to be repaid in "regular installment payments

in cash." Many courts have determined that a reasonable interval for a Chapter 11 debtor's deferred cash payments under a Chapter 11 Plan is monthly. <u>See</u>, <u>e.g.</u>, <u>In re Mason & Dixon Lines</u>, 71 B.R. 300, 302-03 (Bankr. M.D. N.C. 1987) (monthly payments unless special or unusual circumstances exist); <u>In re Inventive Packaging Corp.</u>, 81 B.R. 74, 79 (Bankr. D. Colo. 1987) (monthly payments); <u>In re Mahoney</u>, 80 B.R. 197, 200 (Bankr. S.D. Cal. 1987) (monthly payments).

14. Since these cases approve a monthly payment, Taxation requests that the taxes be paid in equal monthly payments beginning on the effective date of the Plan with respect to all priority and secured claims.

15. Thus, Taxation requests that the post-petition taxes be paid in full on the effective date of the plan.

16. In addition, Debtor has failed to file numerous tax returns. Specifically, Debtor has failed to file:

    a. TGI-EE returns for tax years 2005, 2006, 2019 and 2020.

17. A Plan filed under Chapter 11 should not be confirmed unless all the mandatory requirements of 11 U.S.C. § 1129 are met. The burden is on the debtor to prove that all of these requirements have been complied with, therefore making the Plan capable of being

confirmed.  <u>In re Jacob Wandler</u>, 77 B.R. 728, 733 (Bankr. D. N.D. 1987).

18.  Since Debtor has not complied with the requirements of 11 U.S.C. § 1129(a)(9)(C) for priority claims, Taxation respectfully submits that this court should not confirm Debtor's Plan.


<u>POINT II</u>

THE COURT SHOULD DENY CONFIRMATION OF DEBTOR'S
PLAN BECAUSE IT FAILS TO PROVIDE DEFAULT
<u>REMEDIES.</u>

19.  Taxation objects to Debtor's Plan because Debtor failed to provide Taxation non-bankruptcy remedies in the event of a plan default.  Although §1123(a)(5)(G) specifies that a Plan should provide default remedies for creditors, the Debtor's Plan fails to provide any such remedies.  Lack of default remedies forces creditors, especially priority tax claimants, into an untenable situation should the debtor default on Plan obligations.  Without proper default Plan provisions, priority tax claimants would be forced to pursue collection of Plan defaults in this Court.

20.  A post-confirmation default should be treated as any other contractual default under state law.  Instead of increasing

- 7 -

the burden upon creditors, the Plan should grant creditors clear and concise default remedies in forums with concurrent jurisdiction. Without adequate default remedies, the Plan deprives Taxation the ability to pursue Plan defaults in nonbankruptcy forums. Taxation requests that the following language be included in the confirmation order:

> <u>Retained Jurisdiction and Enforcement Remedies for Tax Claimants</u>: Notwithstanding anything in this plan to the contrary, the Bankruptcy Court shall not retain jurisdiction with respect to tax claims except for (i) resolving the amount any tax claims arising prior to confirmation, and (ii) enforcing the discharge provisions of the confirmed plan. A failure by the reorganized debtor to make a payment to holders of tax claims pursuant to the terms of the plan shall be an event of default. If the reorganized debtor fails to cure an event of default as to Plan payments on the tax claims within thirty days after receipt of written notice of default from a tax claimant, then the tax claimant may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies such tax claimant may have under applicable nonbankruptcy law; and/or (c) seek such relief as may be appropriate in this Court.

21. The Taxation respectfully submits that this Court should not confirm this Plan because it fails to provide adequate default remedies for tax claims.

<u>RESERVATION OF RIGHTS</u>

Taxation respectfully reserves its right to (a) amend, supplement, or otherwise modify this Objection, (b) assert or raise such other and further objections or responses to the confirmation

of the Plan based on additional information received from the Debtor(s) or other sources, and (c) assert all rights and remedies under the Bankruptcy Code and applicable non-bankruptcy state and federal law against the Debtor(s) and any non-debtor third parties.

For the foregoing reasons, the State of New Jersey, Division of Taxation, respectfully requests this Honorable Court to (1) deny confirmation of the Debtor's Plan; or (2) alternatively require the debtor to modify its Plan to correct the deficiencies set forth above; and (3) to grant any other relief deemed fair and equitable.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY

- 9 -

By:   /s/ Ramanjit K. Chawla
                Ramanjit K. Chawla

Dated: May 13, 2022        Deputy Attorney General